UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADRIENNE KEARNEY, on behalf of herself     Civil Action No. 23-cv-4278
and others similarly situated,

                                                                     **COMPLAINT**
                                Plaintiffs,       *Jury Trial Demanded*

    -against-

AMERICAN SIGN LANGUAGE INC.,

                                Defendant.
-----------------------------------------------------------x

    Plaintiff ADRIENNE KEARNEY, by and through her attorneys, GODDARD LAW, PLLC, alleges upon personal knowledge as to herself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff is a sign-language interpreter who works principally in New York City public schools. Defendant American Sign Language, Inc. ("ASLI") employs and pays sign-language interpreters including Plaintiff and the putative class members here.

    2.    Although ASLI classified Plaintiff as an "independent contractor," the realities of Plaintiff's work relationship with ASLI confirm that Plaintiff was *misclassified*. Plaintiff – and all of the putative class members -- ought to have been classified as "employees," not as independent contractors.

    3.    Under both federal and state law, Defendant's practice of misclassification is stark. ASLI has thoroughly controlled the terms and conditions of Plaintiff's work over the more than five years that Plaintiff has worked at the same New York public school. ASLI unilaterally determined Plaintiff's school assignment. Plaintiff did not set her pay rates, as an independent

1

contractor would. Rather, ASLI unilaterally set hourly pay rates (and the considerable fees that it deducted) for Plaintiff and other similarly situated ASLI employees, who were also misclassified as independent contractors. Plaintiff was on a fixed schedule, received no benefits, and was paid through ASLI's payroll, without deductions for federal and state income taxes or Social Security being taken out.

4. The consequences of Defendant's systematic misclassification are substantial. Because they were misclassified by ASLI, Plaintiff and the putative class members failed to receive either the wage notices or wage statements required by New York law; they were not paid for overtime work; they incurred greater income tax and Social Security liability than if they had been properly classified as employees; and they were deprived of access to benefits such as a 401K plans available only to employees. The statutory penalties, compensatory damages, liquidated damages, and damages for unjust enrichment are thus likely to be on average several thousand dollars per putative class member. Additionally, Defendant persists in misclassifying its employees as independent contractors, necessitating the injunctive relief also sought here.

5. Accordingly, Plaintiff brings this action on behalf of herself, a collective national class of similarly situated employees misclassified by Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, and a class of New York-based employees misclassified under New York Law, alleging violations of the FLSA, New York Law, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

## PARTIES

6. At all relevant times, Plaintiff Adrienne Kearney was and is a resident of New York State.

7. At all relevant times, Defendant American Sign Language, Inc. was and is a corporation duly authorized to do business in the State of New York and has a principal place of business located at 1412 Broadway #2118, New York, New York 10018.

8. At all relevant times, Defendant American Sign Language, Inc. employed more than 100 employees.

9. At all relevant times, Defendant American Sign Language, Inc. controlled the terms and conditions of Plaintiff's employment, and Plaintiff was an "employer" within the meaning of the FLSA and NYLL.

10. At all relevant times, Defendant American Sign Language, Inc. was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*., and was engaged in interstate commerce or the production of goods for commerce, as defined by the FLSA, and Defendant's qualifying annual business exceeds $500,000.00.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*., and ERISA, 29 U.S.C. § 1001 *et seq*.

12. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions constituting the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district.

## DEMAND FOR A JURY TRIAL

14. Plaintiff respectfully demands a trial by jury as to all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## FACTUAL ALLEGATIONS

15. In or about January of 2018, Plaintiff began working for Defendant ASLI as a sign-language interpreter. For more than five years now, Plaintiff has been assigned to work on a fixed schedule as an interpreter at a single school, and as a practical matter she was unable to work elsewhere.

16. ASLI's core business model is the employment and placement of sign-language interpreters like Plaintiff and the putative class members.

17. Plaintiff did not run her own business, advertise her services, or control her own work schedule, as an independent contractor would. Nor did Plaintiff make hiring decisions or invest in materials and equipment, as an independent contractor would.

18. Rather, ASLI unilaterally directed Plaintiff's work schedule, rate of pay, and exercised complete control over the timing and setting of Plaintiff's work.

19. Because Plaintiff was classified as an "independent contractor," she received neither the wage notices that all employees must receive at the outset of their work, nor the regular and accurate wage statements mandated by New York law.

20. Additionally, because ASLI made neither the required Social Security contributions nor state and federal income tax deductions required for employees, Plaintiff incurred both greater Social Security and income tax liability and, relatedly, Defendant was unjustly enriched by its systematic practice of misclassification.

21. Further, because Plaintiff was misclassified as an independent contractor, she was ineligible for ERISA-qualified plans available only to those classified as "employees."

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of those similarly situated to Plaintiff and defined to include:

> All sign-language interpreter employees of ASLI throughout the United States, during the relevant statutory period, who were misclassified as independent contractors ("FLSA Class").

23. With respect to the claims set forth in the FLSA action, conditional class certification under the FLSA is appropriate because the FLSA Class defined above is "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of misclassified employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they are or were subject to the same misclassification as Plaintiff; (b) their claims are based on the same factual and legal theories; (c) the employment relationship between Defendant and them is the same; and, (d) they have been similarly damaged as a consequence of Defendant's systematic misclassification of its sign-language interpreter employees.

24. Plaintiff estimates that the FLSA Class, including both current and former employees throughout the United States, over the relevant period, will include several hundred members. The precise number of FLSA Class members would be readily ascertainable from a review of Defendant's personnel, scheduling, and payroll records, as well as from input received from the FLSA Class as part of the notice and "opt-in" process provided for by 29 U.S.C. § 216(b).

25. Plaintiff's entitlement to damages under the FLSA would be similar to that of other members of the FLSA Class and would depend on identical factual and legal questions, including:

    a. Whether the FLSA Class was misclassified as "independent contractors";

  b.  Whether the FLSA Class is owed unpaid overtime;

  c.  Whether the FLSA Class incurred greater federal income tax liability because of Defendant's misclassification of them and subsequent failure to make proper federal income tax deductions;

  d.  Whether the FLSA Class incurred greater Social Security liability because of Defendant's misclassification of them as "independent contractors" and Defendant's subsequent failure to make proper employer Social Security contributions;

  e.  Whether the FLSA Class was excluded from ERISA-qualified benefits because of Defendant's misclassification of them as "independent contractors";

  f.  Whether Defendant's violations were willful;

  g.  Whether injunctive relief compelling Defendant to cease its practice of systematic misclassification is appropriate; and,

  h.  Whether Defendant should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative class (the "New York Class") defined to include:

> Current and former ASLI employees who were misclassified as "independent contractors" and, consequently, (a) were denied accurate and/or complete wage notices upon hiring as required by N.Y. Lab. Law § 195(1); (b) were denied accurate and/or complete wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); and, (c) incurred greater New York State income tax liability because of their misclassification.

27. **Numerosity.**  The members of the New York Class are so numerous that joinder of all members in the case would be impracticable.  Plaintiff reasonably estimates that there are more

than 250 New York Class members. The precise number of New York Class members will be readily ascertainable from a review of Defendant's personnel and payroll records.

28. **Commonality/Predominance.** There is a well-defined community of interests among the New York Class members and common questions of both law and fact predominate over any questions affecting individual members. The common questions of law and fact include:

    a.    Whether Plaintiff and the New York Class were misclassified as an "independent contractor";

    b.    Whether Defendant failed to provide Plaintiff and the New York Class members with a written wage notice upon hiring, and annually, as required by N.Y. Lab. Law § 195(1);

    c.    Whether Defendant failed to provide Plaintiff and the New York Class members with a complete and accurate wage statement with each payment as required by N.Y. Lab. Law § 195(3);

    d.    Whether Defendant's misclassification of Plaintiff and the New York Class Members caused Plaintiff and the New York Class members to incur greater New York State income tax liability;

    e.    Whether Defendant should be required to pay compensatory and statutory damages, attorneys' fees, costs, and interest for violating the New York Labor Law; and,

    f.    Whether Defendant's violations were willful.

29. **Typicality.** Plaintiff's claims are typical of those of the New York Class in that Plaintiff and members of the New York Class suffered damages as a direct and proximate result of Defendant's systematic misclassification of sign-language interpreters. Plaintiff's claims arise

from the same policies, practices, and course of conduct as all other New York Class members' claims, and Plaintiff's legal theories are based on the same legal theories as all other New York Class members' legal theories.

30. **Adequacy.** Plaintiff will fully and adequately protect the interests of the New York Class members and Plaintiff has retained counsel qualified and experienced in litigating misclassification class actions. Neither Plaintiff nor her counsel have interests contrary to or conflicting with the interests of the New York Class.

31. **Superiority.** A class action is superior to other available procedural methods for the fair and efficient adjudication of this dispute because it is not economically feasible for the New York Class members to litigate individual actions. Additionally, this case is manageable as a class action because a single determination as to Defendant's liability to Plaintiff will conclusively imply liability as to the New York Class members, and because Defendant has payroll systems that will facilitate the determination of class-wide damages. Accordingly, because the elements of Fed. R. Civ. P. 23(b)(3) or, in the alternative, (c)(4), are satisfied, class certification is appropriate.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Misclassification in Violation of 29 U.S.C. § 201, et seq.)*

32. Plaintiff realleges each allegation set forth above.

33. The FLSA requires that covered employers, such as Defendant, properly classify "employees" as such. During the relevant collective action period, Defendant knew that Plaintiff and the FLSA Class were improperly classified as "independent contractors."

34. Defendant's foregoing conduct constitutes willful violations of the FLSA

35. As a result of Defendant's misclassification, Plaintiff and the FLSA Class have been damaged, and are entitled to recover any pay deficiencies attributable to the misclassification,

the value of benefits available to employees but not to independent contractors, liquidated damages, attorneys' fees, costs. Further, Plaintiff and the FLSA Class are entitled to injunctive relief compelling Defendant to correct its systematic practice of misclassifying employees as independent contractors.

**AS AND FOR THE SECOND CAUSE OF ACTION**
(*Violation of New York Labor Law § 195(1)*)

36. Plaintiff realleges each allegation set forth above.

37. Defendant deliberately and systematically misclassified Plaintiff and similarly situated class members as "independent contractors."

38. Defendant knew that Plaintiff was not an "independent contractor" because Defendant treated Plaintiff as an "employee" in all material ways.

39. Defendant's misclassification of Plaintiff was willful and lasted the duration of all relevant time periods.

40. Pursuant to New York Labor Law § 195(1)(a), every employer is required to provide all employees at the commencement of the employment relationship and then annually, with a notice setting forth, among other things, "the rate or rates of pay and basis thereof."

41. Defendant knowingly failed to comply with this provision by failing to provide Plaintiff and the New York Class members with wage notices required by New York Labor Law § 195(1)(a),

42. New York Labor Law § 195(1)(a) provides that any employee not provided the required wage notice may collect statutory damages of $50 for each workday that the violation occurred or continued to occur up to a total of $5000 per employee, plus costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief.

43. Based on the foregoing, Defendant is liable to Plaintiff and the New York Class in the amount of $5000 per employee, plus reasonable attorneys' fees and costs, and any other relief available under New York Labor Law § 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
(*Violation of New York Labor Law § 195(3)*)

44. Plaintiff realleges each allegation set forth above.

45. Pursuant to New York Labor Law § 195(3), every employer is required to provide all employees with wage statements containing specific enumerated information each time an employee is paid by an employer.

46. Defendant did not issue wage statements complaint with New York Labor Law § 195(3) to Plaintiff and the New York Class,

47. Based on the foregoing, Defendant is liable to Plaintiff and the New York Class members in an amount to be determined at trial, plus attorneys' fees and costs.

## AS AND FOR THE FOURTH CAUSE OF ACTION
(*Unjust Enrichment*))

48. Plaintiff realleges and incorporates each allegation set forth above.

49. Defendant's misclassification of Plaintiff caused Defendant to pay Plaintiff as an "independent contractor," without making withholdings for state income tax, federal income tax, or paying the employer share of Social Security.

50. As a consequence of Defendant's failure to deduct required employee income tax withholdings or pay the employer share of Social Security, Defendant was unjustly enriched and Plaintiff incurred greater federal and state income tax liability, as well as greater Social Security liability, than Plaintiff and the class members would have incurred had they been properly classified as an employee and had proper deductions and withholdings made from their paychecks.

51. Defendant has profited and been unjustly enriched to the detriment of and at the expense of Plaintiff, the FLSA Class, and the New York Class members in an amount to be determined at trial.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(*Violation of ERISA 29 U.S.C. § 1001 et seq.*)

52. Plaintiff realleges and incorporates each allegation above.

53. On information and belief, Defendant intentionally misclassified Plaintiff as an "independent contractor" and as a consequence of this misclassification Plaintiff and the putative class members were denied participation in retirement plans and other benefits comprised by ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, the FLSA Class, and the New York Class demand judgment against Defendant as follows:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above.

c. Designating Plaintiff Adrienne Kearney as the Class Representative for the collective action under 29 U.S.C. § 216(b).

d. Designating Plaintiff Adrienne Kearney as the Class Representative for the New York Class under Fed. R. Civ. P. 23(b)(3) or (c)(4);

e. Designating Goddard Law PLCC as Class Counsel;

f. Declaring that Defendant's systematic misclassification of employees as independent contractors is unlawful under applicable federal and state law;

11

    g.    Awarding Plaintiff and the New York Class damages for Defendant's violation of New York law in failing to provide proper wage notices;

    h.    Awarding Plaintiff and the New York Class damages for Defendant's violation of New York law in failing to provide proper wage statements;

    i.    Declaring that Defendant was unjustly enriched by its systematic misclassification, and awarding the New York Class and FLSA Class damages commensurate with Defendant's unjust enrichment;

    j.    Declaring that Defendant's misclassification deprived Plaintiff, the FLSA Class, and the New York Class of benefits covered by ERISA and awarding Plaintiff, the FLSA Class, and the New York Class damages commensurate with such unlawfully foregone benefits;

    k.    Issuing injunctive relief pursuant to 29 U.S.C. § 216 compelling Defendant to immediately cease its practice of systematic misclassification;

    l.    Awarding reasonable attorneys' fees and costs;

    m.    Awarding pre- and post-judgment interest as to the foregoing damages; and,

    n.    Such further relief as this court deems appropriate.

Date: May 23, 2023
    New York, New York

Respectfully submitted,

**GODDARD LAW PLLC**

By: */s/ Megan S. Goddard*
Megan Goddard
39 Broadway, Suite 1540
New York, NY 10006
Office: (646) 964-1178
Fax: (212) 208-2914
megan@goddardlawnyc.com
*Attorneys for Plaintiff and Putative Class*