# THOMPSON LLP
75 Broad Street | Suite 2120 | New York, New York 10004 | 212.920.6050

Andrew Goldenberg
tel 212.920.6050 | fax 646.924.3040
agoldenberg@thomplegal.com

June 19, 2024

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United Stated District Court
Daniel Patrick Moynihan United States Courthouse
40 Foley Square, Room 1106
New York, NY 10007

**Re:** *Adrienne Kearney v. American Sign Language Inc.,* **Case No. 23-cv-4278 (LGS)**

Dear Judge Schofield:

      We represent defendant American Sign Language, Inc. ("Defendant" or "ASLI") in the above action. Pursuant to Individual Rule III.D.3 and § 13(c)(i) of the Court's Second Civil Case Management Plan and Scheduling Order (ECF Doc. 39), Defendant requests a pre-motion conference to file a summary judgment motion seeking dismissal of plaintiff Adrienne Kearney's ("Plaintiff" or "Kearney") claims for misclassification in violation of 29 U.S.C. § 201, *et seq*. (Count 1), violation of New York labor Law § 195(1) (Count 2), violation of New York labor law § 195(3) (Count 3), unjust enrichment (Count 4), and violation of ERISA 29 U.S.C. § 1001, *et seq.* (Count 5). Compl. (ECF Doc. 1).

      Defendant also requests a pre-motion conference to file a summary judgment motion in support of its crossclaims against Plaintiff for indemnification, contribution, and breach of the independent contractor agreement, as alleged in Defendant's Answer and Cross-Claims. ECF Doc. 13.

    **A. Background of Dispute**

      Kearney was contracted by ASLI to provide sign language interpreting services in or about November 2006. Kearney began doing classroom work for the New York City Department of Education ("DOE") in or about October 2017. Kearney signed an independent contractor agreement ("Agreement") with ASLI acknowledging she was a 1099 contractor. During her contract period with ASLI, Kearney was always classified by ASLI as a 1099 independent contractor, and Kearney filed her taxes with state and federal tax authorities as a 1099 contractor and received substantial tax benefits in the form of deductible business expenses that she filed on her tax returns to report the costs of her self-employment, among other things. Kearney has produced tax documents showing she not only worked for ASLI during the relevant time period, but also for many other interpreter companies at the same time, including 12 different interpreter companies in 2017.

1

On May 23, 2023, Kearney filed the instant action alleging she was misclassified by ASLI as an independent contractor. In response, ASLI asserted that Kearney was properly classified as an independent contractor and filed a crossclaim for indemnification, contribution, and breach of the Agreement. Pursuant to the Agreement, Kearney agreed not to hold ASLI responsible for any employment requirements or benefits, and to indemnify ASLI against any claims relating to alleged misclassification, including attorney fees incurred by ASLI in such an action. By initiating this action, Kearney has breached the Agreement and has failed to honor her duty to indemnify and hold ASLI harmless.

### B. Plaintiff Has Been Properly Classified as an Independent Contractor

Under the Fair Labor Standards Act ("FLSA"), the question of whether an employee-employer relationship exists is one of "economic reality." *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961). Here, the economic reality of Kearney's situation shows she was properly classified as an independent contractor.

#### i. *ASLI Exercised No More than Minimal Control over Kearney's Work*

ASLI did not exercise control over Kearney's day-to-day operations. ASLI did not supervise Kearney's work, or provide instructions concerning how Kearney should complete her job. Nor did ASLI provide any performance evaluations of Kearney or discipline her. To be sure, ALSI did exercise some measure of quality control to ensure compliance with the DOE's policies and procedures, however, "evaluation and monitoring to ensure productivity and compliance is not tantamount to control." *Vasto v. Credico (USA) LLC*, 2017 U.S. Dist. LEXIS 178457, at *28 (S.D.N.Y. 2017).

Moreover, like all ASLI independent contractors, Kearney was able to, and regularly did, turn down job assignments offered by ASLI without any penalty. For example, ASLI records over the last three years show ASLI made 1,194 job offers to Kearney. Kearney accepted 717 of these offers, and either rejected, cancelled, or did not respond to the other 477 offers. *See Saleem v. Corp. Transp. Group, Ltd.*, 854 F.3d 131, 147 (2d Cir. 2017) ("the record demonstrates that, as a matter of economic reality, Plaintiffs accepted and rejected (despite the penalty of being placed at the end of the queue) varying numbers of job offers, a fact indicative of the discretion and independence associated with independent contractor status").

Additionally, Kearney was able to, and routinely did, engage in other work opportunities with other interpreter companies while also performing work for ASLI. *Id.*, 854 F.3d at 141 (where alleged independent contractor is permitted to work for others, that evincing a lack of [employment] contract because that person "is less economically dependent on his putative employer").

#### ii. *ASLI Did Not Set Kearney's Work Schedule*

ASLI did not set a work schedule for Kearney. If Kearney agreed to accept a job assignment, that assignment's schedule was set by the DOE. *See Chan v. Xifu Food, Inc.*, 2020 U.S. Dist. LEXIS 142855, 2020 WL 5027861, at *5 (E.D.N.Y. 2020), *R&R adopted*, 2020 U.S.

Dist. LEXIS 154387, 2020 WL 5027147 (E.D.N.Y. Aug. 25, 2020) (defendant was not an employer because, among other things, defendant did not set plaintiff's work schedule).

### iii. *Kearney's Position Required Special Skills and Independent Judgment*

Kearney is a certified sign language interpreter who did not acquire the skills needed to perform her job from ASLI. These skills were acquired from sources other than ASLI and can be used by Kearney to work anywhere she wants. "A position that requires special skills and independent judgment weighs in favor of independent contractor status." *Meyer v. United States Tennis Ass'n*, 2014 U.S. Dist. LEXIS 128209, (S.D.N.Y. 2014).

### iv. *Kearney Worked as a Part-Time Contractor and Is Not Entitled to Overtime Pay Under FLSA*

ASLI's records show Kearney never worked more than 40 hours per week, nor in excess of 8 hours per day—nor anything close. Based on ASLI's time records, Kearney worked on average 27.4 hours per week from September 2017 thru August 2023. As a result, Kearney is not entitled to overtime damages. *See* 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

## A. Kearney Benefitted Financially from Her Independent Contractor Status and Rejected ASLI's Offer to Reclassify Her as an Employee

From September 2017 to August 2023, Kearney averaged $55 per hour and made approximately $415,000 as an ASLI independent contractor, all while working for numerous other agencies. The average hourly rate that ASLI paid its interpreter W-2 employees during the same period of time was approximately $45 per hour, inclusive of the value attributed to benefits ASLI provided its employees who worked more than 30 hours per week. Thus, had Kearney worked as an employee for the entire six-year period, she would have made approximately $75,000 less than what she made as a contractor.

The pay differences were explained to Kearney by ASLI in 2022. ASLI stated that Kearney's hourly rate would be cut from $60 per hour as an independent contractor to $55 per hour as an employee, but Kearney would receive health benefits, a 401K matching plan, as well as accumulated sick time, if she committed to work more than 30 hours per week for ASLI. Kearney rejected the offer because she was making more money as an independent contractor, and presumably because she did not want to commit to being a full-time employee.

The damages Kearney seeks in this lawsuit are based on purported pay deficiencies attributable to a misclassification. Based on the numerous factors that Kearney satisfied as an independent contractor, as well as her own election not to be hired as a W-2 employee when it was offered to her, ASLI should not held liable for a misclassification of status. Moreover, even if the question of liability is set aside in Kearney's favor, Kearney has no damages. There were no pay deficiencies. Kearney was financially better off as an independent contractor, which is why she declined an offer to become a W-2 employee.

Respectfully,

Andrew R. Goldenberg