# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.473.8705

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

June 26, 2024

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:    *Adrienne Kearney v. American Sign Language, Inc.*
             <u>Case No.*: 23-cv-4278 (LGS)*</u>

Dear Judge Schofield:

      We represent the Plaintiff Adrienne Kearney ("Plaintiff") in the above-captioned case. We write pursuant to the Court's Order of June 20, 2024, and in response to the Defendant American Sign Language, Inc. ("Defendant") Letter dated June 19, 2024.

### A. <u>Background of Dispute</u>

      Plaintiff began working on various jobs via Defendant ASLI starting in or around January of 2018. However, this dispute concerns her placement at a New York City Department of Education ("DOE") school in 2017[1]. Kearney signed an independent contractor agreement (the "Agreement") with Defendant. This agreement contained, among other terms, an agreement that she would not engage in any services directly for clients she encountered via her work with Defendant. She does not contest that she signed this document. However, the mere existence of an independent contractor agreement does not mean that a worker is, in fact, and independent contractor. Further, it is well settled that an employee cannot waive his or her FLSA rights. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 407 (2d Cir. 2019), *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 115, 66 S. Ct. 925, 928, 90 L. Ed. 1114 (1946).

      While this may have been appropriate for the *ad hoc* work she performed for Defendant prior to 2017, Plaintiff later learned that the level of control that Defendant exercised over her in the full-time position she took on at that time was over and above that of an independent contractor.

---

[1] In 2018, Plaintiff also took a long-term assignment providing interpretation services at CUNY Hunter.

Indeed, multiple interpreters she worked for at the DOE school were full-time employees of Defendant, subject to the same (or even lower) levels of control, but provided with paid time off, sick leave, and other ancillary benefits.

### B. Standard of Review

In order to determine whether a worker is a properly classified as an independent contractor, a factfinder must ascertain whether, "(1) the degree of the employer's control over the worker; (2) the worker's opportunity for profit or loss and his investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) the extent to which the work is an integral part of the employer's business. *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 324 (S.D.N.Y. 2001), *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). "The ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). Notably not among these factors is how the purported employee represented herself to taxing authorities, what her contract stated, nor whether she took certain deductions.

Thus, Defendant's contemplated Motion for Summary Judgment would require them to provide as a matter of law that this test weights in favor of the Defendant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-50 (1986). Where there are disputed material facts as to the degree of control Defendant exercised over Plaintiff, summary judgment is not appropriate. *See, e.g. Castro v. AABC Constr., Inc.*, 2020 WL 3965307, at *4 (S.D.N.Y. Jan. 17, 2020). Plaintiff submits that the record shows, at worst, that facts underlying these factors are subject to disputed material facts, and at best, tend to favor finding that she was an employee of the Defendants.

#### 1. ASLI controlled Plaintiff's Day to Day Work

As set forth above and alleged in the complaint, after 2017, Plaintiff was a long-term employee of ASLI's, working on a specific, full-time, long-term assignment under their contract with the DOE. Having accepted this job, she was required to report every day, at a time set by Defendant, to a location set by Defendant. She was required at times to punch in and punch out, at others to sign in and sign out at a security desk on location.

#### 2. Plaintiff had No Opportunity for Profit or Loss

Even if Plaintiff had formed a business entity through which she could provide interpretation services, which she did not, her contract with Defendant itself limited her ability to obtain work. The Agreement expressly sets forth that the interpreter is not permitted to engage in any work directly for an entity that they first encountered via Defendant. This limited Plaintiff's

ability not only to work directly for the DOE, Hunter College, or multiple other governmental departments whom she worked for via Defendant, but also to work independently for any Deaf consumers that she encountered in the course of her work. This clause limited her ability to work independently for twelve months after her last job with Defendant, and covered a fifty-mile radius.

### 3. Plaintiff was Unable to Use her Skill in Any Independent Way

Simply because a worker possesses technical skill does not necessarily mean this factor militates in favor of him being an independent contractor. "A variety of skilled workers who do not exercise significant initiative in locating work opportunities have been held to be employees under the FLSA." *Brock v. Superior Care, Inc.*, 840 F.2d at 1060.

### 4. The Duration of Plaintiff and Defendants' Working Relationship Favors Plaintiff

As Defendant admits, Plaintiff worked jobs for the Defendant for more than fifteen years. She worked the fulltime assignment for the DOE for six years, and the relationship ended when the Plaintiff left voluntarily. This factor weights in favor of employment. *See Kinney v. Artist & Brand Agency LLC*, 2015 WL 10714080 (finding this factor in favor of employment where nothing in the record showed that Plaintiff's work was for a limited duration).

### 5. Plaintiff's Work is an Integral Part of the Employer's Business

As its name indicates, Defendant is in the business of providing ASL interpreters and transcribers. Without ASL interpreters like the Plaintiff, they would have no business. Indeed, workers have been found to be integral to an entity when they are far more tangential to the ultimate business of said entity. *See, e.g. Landaeta v. New York & Presbyterian Hosp., Inc.,* WL 836991, at *5 (S.D.N.Y. Mar. 4, 2014)(finding this factor weighs in favor of medical interpreters being employees of Defendant hospital).

We thank the Court for its time and attention to this matter and its consideration of this request.

Respectfully submitted,

GODDARD LAW PLLC

*/s/ Clela A. Errington*
By: Clela A. Errington, Esq.

cc: All counsel [*Via ECF*]