By **July 8, 2024**, Plaintiff shall produce the records at issue to the extent they are in the possession of her or her accountant.  Defendant's request for discovery sanctions is **DENIED**.  So Ordered.

Dated: July 1, 2024
         New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

June 28, 2024

<u>VIA ECF</u>
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:   *Adrienne Kearney v. American Sign Language, Inc.*
            <u>Case No.*: 23-cv-4278 (LGS)*</u>

Dear Judge Schofield:

      We represent the Plaintiff Adrienne Kearney ("Plaintiff") in the above-captioned case. We write pursuant to the Court's Order of June 20, 2024, and in response to the Defendant American Sign Language, Inc. ("Defendant") Letter dated June 26, 2024.

      Plaintiff, to date, has served three separate document productions on the Defendant. The first on February 21, 2023. The second, which contained confidential documents, including the tax documents which Defendant is not concerned with, on April 4, 2024. The final was made on June 14, 2024, and contained tax documents that Plaintiff was able to get from a third party – the IRS. A party is not required to obtain documents from other agencies for production. *Marshall v. NALC*, 2002 WL 1159653, at *2 (S.D.N.Y. May 31, 2002). "Fed. R. Civ. P. 45(a) only requires that individuals produce those documents within their possession, custody, or control." *MercExchange, L.L.C. v. eBay, Inc.*, 2007 WL 485224, *1 (D. Conn. Feb. 12, 2007).

      It further must be noted that the undersigned counsel sought Defendant's consent for a further extension of discovery considering demands discussed during Plaintiff's deposition on June 6, 2024, and to allow time to see if deficiencies raised at the eleventh hour could be resolved amicably. Defendant did not consent, and rather has chosen to involve the Court at this late juncture. Indeed, during the meet and confer on June 25, 2024, as set forth in its own letter, Plaintiff indicated further efforts that she had agreed to make in order to obtain the relevant records from a

third party.

### To the Extent that the Documents Sought Exist, Plaintiff is Not in Control of the Them

In conjunction with Defendant's request, Plaintiff obtained responsive documents from her accountant, and produced them. Defendant's letter takes for granted that the Plaintiff is the "party with control of the evidence" sought. *In re September 11th Liability Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (internal quotations omitted). She testified in her deposition that she has produced what she had, and even went so far as to seek documents from the IRS in order to supplement the production. After the requisite meet-and-confer on June 25, 2024, she agreed to, again, seek the assistance of her accountant. Defendant, evidently, does not see this as a good faith effort to locate documents not in her possession – which is already above and beyond what is required under the Federal Rules – and instead has chosen to belatedly involve the Court well after the close of discovery.

### Plaintiff's Tax Returns from 2014-2016 are Not Relevant to the Instant Case

Plaintiff's Complaint makes clear that the controversy of this case stems from events which occurred in or after January 2018. *See generally* Complaint ("Compl.") ECF No. 1. Furthermore, the very earliest that Plaintiff could seek damages from is May 23, 2017, as she filed her Complaint on May 23, 2023, and the longest statute of limitations invoked is the six-year New York Labor Law statute of limitations set forth in NYLL § 198(3). There is simply no universe where her tax returns from prior to that date are relevant. The time to address Plaintiff's timely objections was well before the end of discovery.

### Defendant did Not Serve a Deficiency Notice until Three Days Before the End of Discovery

Defendant's own conduct indicates that this is not a good faith effort to resolve a discovery dispute. Plaintiff produced what was in her possession on or before April 4, 2024, after a confidentiality order was entered. (ECF No. 36). Defendant did not even raise the issue of this alleged incompleteness until Plaintiff's deposition on June 6, 2024, and did not serve any written notice of the alleged deficiencies until June 11, 2024, three days before the end of discovery. By this time, any efforts to resolve the issue in a timely manner were out of the question. *See Kansas v. Empire City Subway Co. (Ltd.)*, 692 F. Supp. 2d 316, 320 (S.D.N.Y. 2010)("… if Empire truly wished to seek a resolution of this discovery dispute, it would have sought Court intervention, on the record, much in advance of the discovery deadline.").

Defendant has cited no factual support for its contention that Plaintiff is purposefully withholding documents other than its subjective belief that her claim to not be in possession of

2

responsive documents is "incredible." Its contention is based on the counterfactual that Plaintiff is purposefully withholding documents that she has in her control. This is simply not the case.

Indeed, if these documents were truly key to Defendant's case, Defendant has had months in order to resolve this dispute prior to the close of discovery. It made no attempt to do so during the several months that discovery has been pending. Defendant never sought information necessary to subpoena the third parties who are in control of the documents. Rather, it waited until a week before the close of discovery in order to even bring up said alleged deficiency, three days before the end of the discovery in order to do so in writing – during which short time Plaintiff made a good faith effort to supplement her production with the documents she was able to get from a third party - and rather than seek Court intervention to resolve the dispute, have jumped right to seeking discovery sanctions, including in the form of a negative inference that is based on nothing more than a self-serving contention contradicted by the Plaintiff's testimony. Indeed, they seem to believe that the absence of documentation that the Plaintiff worked for other entities between 2018 and the fall of 2023 is evidence of a bad faith withholding of information, rather than what it is – evidence of the fact that she only worked for Defendant during this time period.

We thank the Court for its time and attention to this matter and its consideration of this request.

Respectfully submitted,
GODDARD LAW PLLC

*/s/ Clela A. Errington*
By: Clela A. Errington, Esq.

cc: All counsel [*Via ECF*]