# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

August 29, 2024

**VIA ELECTRONIC FILING**
The Honorable Judge Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20A
New York, New York 10007

      **Re:**    **Adrienne Kearney v. American Sign Language Inc.**
               **Case No.: 1:23-cv-4278**

Dear Judge Moses:

      This firm represents Plaintiff Adrienne Kearney ("Plaintiff") in the above-referenced matter against Defendant American Sign Language Inc. ("Defendant" or "ASLI"). We write jointly with counsel for Defendant to respectfully request that the Court approve the fully-executed Settlement Agreement regarding Plaintiff's misclassification claims under the, *inter alia,* Fair Labor Standards Act ("FLSA"), attached hereto as **Exhibit A**. Specifically, we ask that the settlement be approved and that this action be dismissed with prejudice, as the terms of the resolution here are fair and reasonable and in line with other settlements approved in this Court and in accordance with *Cheeks v. Pancake House*, 796 F.3d 199 (2d Cir. 2015).

      In this action, Plaintiff alleges that she was formerly employed by Defendants as an American Sign Language interpreter and that Defendants improperly classified her as an independent contractor. This matter has been ongoing between the parties for an extended time. Plaintiff commenced this case via the filing of her Complaint (Doc. No. 1) on May 23, 2023 alleging violations of 29 U.S.C. § 201, et seq., New York Labor Law § 195(1), New York Labor Law § 195(3), 29 U.S.C. § 1001 et seq., and New York Common Law. Defendants filed their Answer with Counterclaims[1] (Doc. No. 13) on August 7, 2023, denying Plaintiff's claims, asserting twenty-five affirmative defenses, and setting forth counterclaims against the Plaintiff for indemnification, contribution, and breach of contract.

      The Settlement Agreement provides a mutual general release as between Plaintiff and Defendant and that the Defendant will pay to the Plaintiff a Settlement Sum of $52,500.00, will be distributed as follows:

---

[1] Incorrectly characterized as "crossclaims" in the Answer.

Kearney v. ASLI Inc.

- $31,918.55 to Plaintiff; and

- $20,581.45 to Plaintiff's counsel for their attorneys' fees and costs.

Now, with settlement complete and the necessary documents fully executed, the parties request the Court to issue an order approving the Settlement Agreement as fair and reasonable. In this regard, the parties represent to the Court that the Settlement Agreement: (a) is fair and equitable to all Parties; (b) reasonably resolves a *bona fide* disagreement between the Parties with regard to the merits of the Plaintiff's claims; (c) contains appropriate monetary consideration for Plaintiff based on the claims she has raised; and (d) discontinues the action, with prejudice, and on consent. The parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Release. The Release is the result of arduous arms-length bargaining among the parties and reflects their desire to settle and compromise fully and finally all of Plaintiff's claims asserted in this case, as well as wage and hour claims she could have asserted but did not.

### I. The Standard

It is well-established that "[c]ourts approve FLSA settlements where they are reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (PAC), 2014 U.S. Dist. LEXIS 157205, at *10 (S.D.N.Y. Nov. 4, 2014); *Clark v. Ecolab Inc.*, No. 04 Civ. 4488 (PAC), 2010 U.S. Dist. LEXIS 47036, at *24 (S.D.N.Y. May 11, 2010); *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 04082 (JCF), 2010 U.S. Dist. LEXIS 139136, at *15 (S.D.N.Y. Nov. 29, 2010); *deMunecas v. Bold Food LLC*, No. 09 Civ. 00440 (DAB), 2010 U.S. Dist. LEXIS 87644, at *17 (S.D.N.Y. Aug. 23, 2010). In particular, "[t]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *deMunecas,* 2010 U.S. Dist. LEXIS 87644, at *20. That is, as long as the FLSA settlement "reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* at *17.

### II. The Settlement Agreement Is Fair and Reasonable and Should Be Approved

"Before a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the *bona fides* of the dispute." *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (PAC), 2014 U.S. Dist. LEXIS 144038, at *2 (S.D.N.Y. Sept. 26, 2014). Here, the Settlement Agreement was clearly "reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud*, 2014 U.S. Dist. LEXIS 157205, at *10. Indeed, the settlement in this matter was reached after more than a year of active litigation, discovery, and negotiations. The parties first engaged in a mediation on January 24, 2024 with a court-appointed mediator, which was unsuccessful. After discovery, including depositions of the Plaintiff and two Defendant witnesses, the parties attended a settlement conference with Your Honor on August 5, 2024, at which point they were only able to reach a settlement in principle during a settlement conference after approximately three hours of active negotiation.

### A. Range of Possible Recovery

Kearney v. ASLI Inc.

The Settlement Sum itself reflects a compromise of heavily disputed claims. During discovery, each party produced thousands of documents. While Plaintiff maintains that the bulk of discovery tends to show that she was, indeed, misclassified, Defendant avers that not only was she properly classified as an independent contractor, but that even if she had been incorrectly classified, she did not accrue meaningful damages.

In light of her allegations in the Complaint and the documents that Defendants produced in discovery, Plaintiff's claimed value of her wage and hour claims, which Defendants dispute as they vociferously contend that Plaintiff is owed *zero*, is approximately $ 94,351.06. The Settlement Sum of $52,500.00 is reasonable considering Plaintiff's claims and the defenses and records produced by Defendants in this matter.

### B.   Avoiding Burdens and Potential Risks of Continued Litigation

As for the second and third *Wolinsky* factors, ongoing litigation would also likely involve costly motion practice and trial. Even if successful at both the summary judgment and trial stages, Plaintiff faces a difficult challenge in recovering a greater judgment than the Settlement Sum obtained here. However, litigating either position to verdict would have required the Parties to continue to devote significant time and resources while still faced with the inherent risks of an unfavorable verdict at the end of litigation. With litigation expenses only expected to rise for all Parties, the Settlement Sum is especially fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement").

### C.   Arm's-Length Bargaining and Lack of *Cheeks* Admonishments

In the instant case, the parties' arm's-length bargaining over the course of over a year with the help of Your Honor, as well as the ability to resolve the matter without either party incurring further substantial litigation costs, are factors that weigh in favor of finding this settlement fair and reasonable. The parties' arm's-length bargaining resulted in an agreement accepted by both parties on the record, as well as the ability to resolve the matter without either party incurring further substantial litigation costs, weigh in favor of finding the settlement fair and reasonable.

Furthermore, the agreement does not contain any terms that would militate against the Court approving it. For instance, the agreement does not contain a confidentiality clause that would run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair. *See Mahalick v. PQ N.Y. Inc.*, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (noting that "provisions that impose an obligation on the plaintiff—a gag order, really—to refrain from discussing any aspect of the case or settlement" are inconsistent with the purposes of the FLSA, and declining to approve a settlement agreement with such a term despite the public filing of the proposed agreement (internal quotation marks omitted)). Nor does it contain any non-disparagement clause.

While the Settlement Agreement does contain a mutual general release, it is warranted in cases such as this where there is neither class nor collective. *See Plizga v. Little Poland Rest. Inc.*,

Kearney v. ASLI Inc.

2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016)("Because this case is not a class action, there is no danger that an overbroad release would bind class members who had no bargaining power concerning the settlement terms.") Moreover, a mutual general release is patently in the Plaintiff's interest in cases such as this, where the Defendant has brought forth counterclaims.

### III. The Attorneys' Fees and Costs Payable Under the Settlement Agreement Are Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $17,500.00 from the settlement fund as attorneys' fees and $3,081.45 in costs, representing reimbursements for filing fees, depositions, service, and other disbursements associated with litigation. This represents one third of the recovery in this litigation. This represents a fraction of Plaintiff's counsel's lodestar in this case, which is $70,821.33. A copy of Plaintiff's billing record is attached as "**Exhibit B**." It also represents a reduction from the contractual contingency per the Plaintiff's retainer, a copy of which is attached as "**Exhibit C**." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, Page 3 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

A brief biography of each attorney who performed billed work in this matter is as follows:

a. Clela A. Errington is an associate at Goddard Law PC. She is a dedicated Plaintiff's lawyer who has advocated on behalf of workers at several prominent area wage and hour law and employment discrimination firms before joining Goddard Law in 2024. Her work is billed at the rate of $475.00 per hour.

b. Paralegal work is billed at a rate between $125.00 and $175.00 per hour.

Kearney v. ASLI Inc.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court approve the settlement in this matter as set forth above and in the Settlement Agreement, discontinuing the action with prejudice.

Thank you for your attention to this matter

Respectfully submitted,

GODDARD LAW PLLC
*Attorney for Plaintiff*

By: *Clela A. Errington*
    Clela A. Errington, Esq.